Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/14/2017 12:09 PM CDT

- 588 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

In re Estate of Elsie R. Ackerman, deceased.
Sandra Underwood, appellant, v.
Judith Bolejack, Personal Representative
and individually, appellee.

___ N.W.2d ___

Filed March 14, 2017.    No. A-15-977.

1. **Decedents' Estates: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court.
2. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.
3. **Decedents' Estates: Appeal and Error.** The probate court's factual findings have the effect of a verdict, and an appellate court will not set those findings aside unless they are clearly erroneous.
4. **Decedents' Estates: Banks and Banking: Intent.** When documents to a bank account do not meet the sample form provided for in Neb. Rev. Stat. § 30-2719(a) (Reissue 2016), their interpretation is governed by the provisions of Neb. Rev. Stat. §§ 30-2716 through 30-2733 (Reissue 2016) applicable to the type of account that most nearly conforms to the depositor's intent.
5. **Decedents' Estates: Banks and Banking: Notice.** Pursuant to Neb. Rev. Stat § 30-2724(a) (Reissue 2016), the type of bank account may be altered by written notice given by a party to the financial institution to change the type of account. The notice must be signed by a party and received by the financial institution during the party's lifetime.
6. **Decedents' Estates: Banks and Banking.** A right of survivorship arising from a payable-on-death designation may not be altered by will.
7. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

- 589 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

8. ____. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeal from the County Court for Lancaster County: Holly J. Parsley, Judge. Affirmed.

Wayne E. Janssen for appellant.

Joel Bacon, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellee.

Riedmann and Bishop, Judges, and McCormack, Retired Justice.

Riedmann, Judge.

## INTRODUCTION

Sandra Underwood appeals from the order of the county court for Lancaster County, which concluded that Elsie R. Ackerman did not intend to remove Judith Bolejack as payable-on-death (POD) beneficiary of Ackerman's bank account. We find no merit to the arguments raised on appeal and therefore affirm.

## BACKGROUND

The relevant facts of this case are largely undisputed. Ackerman is the mother of Underwood and Bolejack. Ackerman opened an individual checking account in 1955. In 1977, Ackerman filed a signature card with the bank, naming Bolejack the POD beneficiary of the account. The question is whether the POD designation was revoked by subsequent changes made to the account.

Around 1978, Ernest Siems moved in with Ackerman and resided with her until her death. In April 1986, Ackerman signed and filed a card with the bank which removed "access" to the account from Bolejack. The same day, Ackerman signed and filed a card granting "access" to the account to Siems.

- 590 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

In November 1994, a card was filed with the bank removing Siems' access to the account, but the card was not signed by Ackerman. The same day, a card was filed granting Bolejack access to the account. The card did not contain Ackerman's signature, but Bolejack testified that she signed the card at Ackerman's request. When Ackerman died in September 2013, the account had a balance of $208,719.80. After Ackerman's death, the bank sent notice to Bolejack that the funds in the account now solely belonged to her.

On October 21, 2013, Bolejack filed a petition for formal probate of Ackerman's will, determination of heirs, and appointment of a personal representative, and Bolejack was subsequently appointed personal representative. Bolejack filed an inventory with the court and listed the subject bank account as nonprobate property jointly owned by Ackerman and Bolejack.

On November 17, 2014, Underwood filed a complaint alleging that Bolejack improperly converted the funds in the bank account to her own use after Ackerman's death, that the account should be inventoried as the sole property of Ackerman, and that Bolejack should be ordered to reimburse the estate for the funds spent from the account. Bolejack filed an answer, claiming either that the account was held in joint tenancy by Ackerman and Bolejack or that she was the sole owner of the funds as the POD beneficiary of the account.

After holding a hearing, the county court entered an order in which it determined that the account was a single-party account and that the evidence was insufficient to prove Ackerman intended to remove Bolejack as the POD beneficiary. Underwood timely appeals to this court.

## ASSIGNMENTS OF ERROR

Underwood assigns that the county court erred in (1) determining that Bolejack was a POD beneficiary of the account at the time of Ackerman's death, (2) failing to find that Bolejack in her personal capacity had converted the funds in

- 591 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

the account at the time of Ackerman's death, (3) failing to find that Bolejack in her personal capacity holds the funds from the account in a resulting or constructive trust, and (4) failing to require Bolejack to recover the funds in the account and administer them as individually owned property of the estate.

## STANDARD OF REVIEW

[1-3] An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Greb*, 288 Neb. 362, 848 N.W.2d 611 (2014). When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below. *Id*. The probate court's factual findings have the effect of a verdict, and an appellate court will not set those findings aside unless they are clearly erroneous. *Id*.

## ANALYSIS

Underwood assigns that the documents that compose the contract of deposit contain provisions in substantially the form provided in Neb. Rev. Stat. § 30-2719(a) (Reissue 2016) and are therefore governed by the provisions of Neb. Rev. Stat. §§ 30-2716 through 30-2733 (Reissue 2016). The county court determined to the contrary, and we agree.

[4] The sample account form of § 30-2719(a) includes provisions for designation of various features, including ownership ("Single-Party Account" or "Multiple-Party Account"); rights at death (including, inter alia, "Right of Survivorship," "POD (Pay on Death) Designation," or single-party account passing at death as part of party's estate); and "Agency (Power of Attorney) Designation." Although the original signature card Ackerman signed in 1955 designates it as an individual account and contains a rights-at-death provision, the subsequent access cards do not contain the statutorily required information. Therefore, their interpretation is governed by the

- 592 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

provisions of §§ 30-2716 through 30-2733 applicable to the type of account that most nearly conforms to the depositor's intent. See § 30-2719(b). See, also, *In re Estate of Greb, supra* (looking to extrinsic evidence of depositor's intent when signature card does not comply with § 30-2719(a)).

Underwood argues that if the court determines the documents are not in substantial compliance with the statutory requirements, the evidence "clearly shows" that Ackerman had a normal relationship with her children and intended that the account be included in her estate. Brief for appellant at 26. She does not dispute that Ackerman changed her original single-party checking account to a POD account in favor of Bolejack in 1977 and that it remained a POD account until 1986. She claims, however, that when Ackerman removed Bolejack's access to the account in 1986 and granted access to Siems, she intended to remove the POD designation, thus making it an asset of her estate upon death. We disagree.

[5,6] Pursuant to § 30-2724(a): "The type of [bank] account may be altered by written notice given by a party to the financial institution to change the type of account . . . . The notice must be signed by a party and received by the financial institution during the party's lifetime." A right of survivorship arising from a POD designation may not be altered by will. § 30-2724(b). See, also, *In re Trust of Rosenberg*, 273 Neb. 59, 727 N.W.2d 430 (2007).

The question in the present case is whether the documents Ackerman executed in 1986 constitute written notice of her intent to alter the type of account she possessed. In other words, Does the evidence establish that in 1986 Ackerman intended to remove Bolejack as POD beneficiary?

At the same time Ackerman removed Bolejack's "access" to the account, she granted "access" to Siems. Siems testified that Ackerman never intended to grant him any rights to the money contained in the account; he explained that during the 35 years the couple cohabited, he and Ackerman maintained separate finances and "never got into each other['s accounts]."

- 593 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

According to Siems, by granting him access to her account, Ackerman merely wanted to allow him to write or cash checks for her. On occasion, she would write a check out to cash, and he would cash it and bring the money back to her. Siems explained that Ackerman decided it would be best to revoke his access to her account in 1994, when he was diagnosed with cancer. At that time, Ackerman then granted access back to Bolejack.

The county court determined that when granting and revoking "access" to the account, Ackerman did not intend to change the disposition of the account upon her death; rather, she wanted to allow another person the ability to write or cash checks for her, whether that person was Siems or Bolejack. We recognize, as did the county court, that the only "access" Bolejack had to the account after 1977 was as the POD beneficiary and that she had no access or right to the account during Ackerman's lifetime. Therefore, Bolejack had no "access" to remove when Ackerman signed the documents in 1986. This does not change our result, however, because, as the county court observed, looking at the fact that both cards were filed simultaneously in 1986, "it only makes sense that any access [Ackerman] believed she was removing from Bolejack at that time was the same form of access that she was granting to Siems." And the court found that the only conclusion supported by the evidence was that Ackerman intended to make Siems a signer or agent on her account by granting him access to the account.

The county court also recognized that a POD account, a multiple party account, and an account with an authorized signer or agent are not mutually exclusive. And in the present case, there was no evidence of an express request to change the type of account from a POD account. Accordingly, the county court held that the purported removal of access of Bolejack in 1986 did not affect the POD designation. We conclude that this factual finding was not clear error and that thus,

- 594 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE ESTATE OF ACKERMAN
Cite as 24 Neb. App. 588

the county court did not err in determining that the account belonged to Bolejack as POD beneficiary.

[7,8] Based on our disposition of Underwood's first assignment of error, we need not address the remaining assigned errors. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *D.I. v. Gibson*, 291 Neb. 554, 867 N.W.2d 284 (2015). We also note there are arguments raised in Underwood's brief which were not assigned as error. Specifically, she argues that various parts of the record are not properly before this court and that the county court was not previously asked to determine ownership of the account. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015). We therefore do not address these arguments.

## CONCLUSION

We find that the county court did not err in determining that Ackerman did not intend to remove Bolejack as POD beneficiary of her bank account. We therefore affirm.

Affirmed.